IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB GRANT,

       Plaintiff,

v.                                                                    CIV 15-0918 MCA/KBM

CITY OF ALBUQUERQUE, ex rel.
ALBUQUERQUE POLICE DEPARTMENT
and GREG BRACHLE,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Plaintiff's Opposed Motion for Protective Order to Stay All Discovery Pending Qualified Immunity Determination. *Doc. 22*. Having reviewed the parties' positions and all pertinent authority, the Court will deny the motion.

### I.    <u>BACKGROUND</u>

As alleged in the Complaint, on January 9, 2015, Plaintiff, Detective Jacob Grant, was shot by Defendant Lieutenant Greg Brachle during the course of a $60 undercover drug operation. *Doc. 1-1* (Complaint) at 3; *Doc. 8* (Brachle's Answer) at 2. Plaintiff asserts that Defendant Brachle's actions violated the Fourth Amendment to the United States Constitution. *Doc. 1-1* at 24. In response, Defendant Brachle raises the defense of qualified immunity. *Doc. 8* at 9.

Early on in these proceedings, the parties agreed to an expedient resolution of Defendant Brachle's qualified immunity defense. As stated in the parties' Joint Status Report and Provisional Discovery Plan ("JSR"), filed on December 8, 2015:

> Counsel for Plaintiff and Defendants agree that this case will present a preliminary issue of qualified immunity – i.e., whether Defendant Brachle violated Plaintiff's clearly established rights under the Fourth and/or Fourteenth Amendments -- and that it serves the interests of efficiency and judicial economy to bifurcate the qualified immunity aspect of this case. Accordingly, the parties request that the Court order that discovery in this case be limited to issues related to qualified immunity, and that the parties be permitted until April 15, 2016 to conduct such discovery. The parties further request that the Court set a deadline of May 15, 2016 for the parties to file their opening motions addressing qualified immunity. Finally, the parties request that the Court schedule a status conference in May or June 2016 to discuss a stay of proceedings pending the Court's decision on qualified immunity and/or other scheduling issues.

*Doc. 11* at 13-14. In accordance with the parties' requests, this Court entered a stipulated Order Adopting the JSR on January 12, 2016, wherein it bifurcated the qualified immunity issue from the rest of the issues in the case and limited discovery "to matters relevant to the question of whether Defendant Brachle violated Plaintiff's clearly established rights under the United States Constitution." *Doc. 18* at 1. The Court also adopted the parties' proposed schedule. *Id.* at 1-2.

Notwithstanding the parties' agreement, Plaintiff filed motions for partial summary judgment on both Defendant Brachle and Defendant City of Albuquerque's affirmative defenses on January 11, 2016. *Docs. 15, 16, 17*. Most relevant here is Plaintiff's Motion for Partial Summary Judgment on Defendant Brachle's qualified immunity defense, to which Plaintiff attached his own affidavit and one from retired Albuquerque Police Department Sergeant Glenn Stout. *Id.* Defendant Brachle responded to Plaintiff's Motion for Partial Summary Judgment by seeking relief under Federal Rule of Civil Procedure 56(d),[1] asserting that he needs to depose Plaintiff and Mr. Stout and to

---

[1] Which states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

conduct written discovery prior to responding to Plaintiff's Motion for Partial Summary Judgment. *See Doc. 20*. To this end, Defendant Brachle served Plaintiff with written discovery on January 15, 2016, to which Plaintiff responded on February 26, 2016. *Docs. 19, 32*.

In the instant motion Plaintiff requests a stay of all discovery, including that related to qualified immunity, until presiding Chief District Judge Armijo resolves his Motion for Partial Summary Judgment on the defense. *See generally Doc. 22*. Defendants oppose the stay. *See Docs. 30*, *34*. For the reasons that follow, the Court concludes that a stay of discovery is inappropriate.

## II.   ANALYSIS

"As a general rule, discovery rulings are within the broad discretion of the trial court." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir. 1994) (citation omitted). A court may impose a stay of discovery or impose conditions on available discovery under the authority provided by Federal Rule of Civil Procedure 26(c)(1), which states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery; specifying terms, including time and place, for the disclosure or discovery; [and] . . . limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1). The court may also stay discovery as part of its inherent power to control its own docket. *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

Plaintiff is correct that qualified immunity should ordinarily be resolved early in the proceedings and, if possible, prior to discovery. *Jiron v. City of Lakewood*, 392 F.3d

3

410, 414 (10th Cir. 2004) ("even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Plaintiff is also correct that district courts routinely stay discovery when a dispositive motion addressing the defense is filed. *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014) *cert. denied, Stonecipher v. Valles*, 135 S. Ct. 881 (2014) ("because qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity"). However, these principles apply when a governmental defendant raises the defense, not when a plaintiff attacks it. *Martin v. County of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (unpublished) ("there is a strong policy justification for staying discovery and for refusing requests for additional discovery *once a defendant invokes qualified immunity as a defense.*") (emphasis added). This is not to say that the Court cannot grant a stay pursuant to Rule 12(c)(1) or its own inherent powers, but only that Plaintiff's preemptive motion for summary judgment on the qualified immunity defense is not by itself enough to justify the imposition of a stay.

In exercising its discretion to stay proceedings, the Court considers five factors: "(1) the interest of the [defendant] in proceeding expeditiously with discovery and the potential prejudice to the [defendant] of a delay; (2) the burden on the [plaintiff] of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery." *Sanchez v. Chu*, CIV 13-0656 MCA/KBM, Doc. 35 at 2 (D.N.M. Dec. 17, 2013) (quoting *Varnell v. Dora Consolidated*

*School District,* CIV 12-0905 JCH/GBW, Doc. 36 at 3 (D.N.M. January 11, 2013)). Taken together, these factors favor denying a stay in this case.

It was the intent of the parties to proceed expeditiously with discovery related to qualified immunity so as to resolve the defense early in this litigation, and Defendant Brachle has demonstrated prejudice that would result from a stay – the inability to address Plaintiff's Motion for Partial Summary Judgment. Accordingly, the first factor weighs in Defendant Brachle's favor. As to the second factor, Plaintiff has not demonstrated how permitting Defendants to pursue narrow discovery limited to the defense, and by extension the facts he offers in support of his Motion for Partial Summary Judgment, is so burdensome as to require a stay. Nor could he, as these matters are precisely what were contemplated by the parties' JSR. Moreover, the parties' agreement in the JSR and this Court's Order adopting it demonstrate that there is no benefit to the Court, nonparties, or the public in staying discovery. Discovery related to the defense has already been served and answered, and the current deadlines will ensure that the qualified immunity issue is resolved early in this case without necessitating the burden of additional discovery unrelated to it.

Wherefore,

IT IS THEREFORE ORDERED that Plaintiff's Opposed Motion for Protective Order to Stay All Discovery Pending Qualified Immunity Determination (*Doc. 22*) is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE